UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE JAMES FLANDERS,

    Plaintiff,

v.                                            Case No. 4:20cv342-TKW-HTC

A CANNON and
C ATKINS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint, which seeks dismissal of Plaintiff's claims under the Fourteenth Amendment because such claims are encompassed as part of Plaintiff's Eighth Amendment claims and Plaintiff has alleged no facts to establish a due process claim. ECF Doc. 20. On January 20, 2021, the undersigned advised Plaintiff to file a written response if he opposed Defendants' motion. ECF Doc. 21. Plaintiff did not file a response, and his time for doing so has passed.

The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned recommends Defendants' motion be GRANTED.

I.   BACKGROUND

Plaintiff Willie Flanders, an inmate of the Florida Department of Corrections, currently located at Wakulla Correctional Institution Annex (Wakulla CI"), sues Wakulla CI Sergeant A. Cannon and Officer C. Atkins for events arising from an incident that occurred at Wakulla CI on December 14, 2019.  Namely, Plaintiff alleges Defendants violated his "Eighth Amendment Right[] of unjustifiable use of force [and] [his] Fourteenth Amendment right" when they removed him from his housing dormitory in a wheel chair with restraints and later "drug [him] to a holding cell," where they "slamm[ed] [him] to the floor," stomped on him, punched him, and cursed at him.  ECF Doc. 9 at 5.

As a result of the encounter, Plaintiff alleges he was taken to the medical department, and it was determined his left arm was dislocated, causing him to wear a sling.  *Id.*  Plaintiff also contends he was administered Excedrin for migraines because of a "head injury from [A]tkins['] punching", and he has "permanate (sic) shoulder damage." *Id.* at 6.

II.   LEGAL STANDARD

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content

Case No. 4:20cv342-TKW-HTC

that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Also, in considering a motion to dismiss for failure to state a claim, the Court must read Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and accept "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted).

### III.   DISCUSSION

As set forth above, the crux of Plaintiff's amended complaint is that Sergeant Cannon and Officer Atkins used excessive force against him. ECF Doc. 9 at 7. It is well established that the "Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners . . . where the deliberate use of force is challenged as excessive and unjustified." *Whitley v. Albers*, 475 U.S. 312, 327, (1986). Thus, since Plaintiff is a convicted prisoner, his claims against Defendants for excessive use of force arise under the Eighth Amendment, not the Fourteenth Amendment.[1] *See id.* ("[B]ecause this case involves [a] prison

---

[1] If Plaintiff were a pretrial detainee, then the Fourteenth Amendment would apply to an excessive force claim. The analysis, however, under either the Eighth or Fourteenth Amendment, in that case, would be the same. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to convicted prisoners. However, the applicable standard is the same.").

Case No. 4:20cv342-TKW-HTC

inmate[] rather than [a] pretrial detainee[] . . . the Due Process Clause affords [Plaintiff] no greater protection than does the Cruel and Unusual Punishment Clause.").

Also, Plaintiff has not set forth any allegations that would support an independent Fourteenth Amendment claim. The Due Process Clause of the Fourteenth Amendment encompasses two components, a substantive component and a procedural component. The substantive component of Due Process clauses protects only "fundamental" rights. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 152 (1937)). A violation of substantive due process occurs when an individual's fundamental rights are infringed, regardless of the fairness of the procedure. *McKinney*, 20 F.3d at 1556. However, section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393 (1989) (internal quotations and citations omitted).

Similarly, Plaintiff's amended complaint is devoid of any allegations supporting a procedural due process claim. To state a claim for deprivation of procedural due process, Plaintiff must allege facts sufficient to support three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *J.R. v. Hansen*, 736 F.3d 959, 965 (11th Cir. 2013) (citing *Grayden v. Rhodes*, 345 F.3d

1225, 1232 (11th Cir.2003)); *Miccosukee Tribe of Indians of Florida v. U.S.*, 716 F.3d 535, 559 (11th Cir. 2013).

Plaintiff does not allege facts showing that he has been deprived of life or property. Thus, he is entitled to due process only if he was deprived of "liberty" within the meaning of the Fourteenth Amendment. As Defendants point out, however, to show a deprivation of a liberty interest, an inmate must demonstrate an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483–84 (1995). Plaintiff's allegations of excessive force are insufficient to establish a deprivation of a liberty interest. Plaintiff also has not shown that he was deprived of a liberty interest through a constitutionally deficient process.

Accordingly, it is respectfully RECOMMENDED that Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF Doc. 20) be GRANTED, and Plaintiff's claims under the Fourteenth Amendment be DISMISSED.

Done at Pensacola, Florida, this 4th day of March, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen days (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.